UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PACKAGING CORPORATION OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>EAST BAKING COMPANY, INC.,<br><br>     Defendant. | Case No. 1:25-cv-6395 |

**COMPLAINT**

Plaintiff Packaging Corporation of America ("PCA" or "Plaintiff") files this Complaint against defendant East Baking Company, Inc. ("East Baking" or "Defendant") seeking damages, and in support thereof, alleges as follows:

**PRELIMINARY STATEMENT**

1. PCA is owed not less than $116,448.97 (the total value of the Unpaid Invoice as more fully described below) plus interest, costs and attorneys' fees for packaging products (the "Packaging Products") that Defendant ordered and for which it failed to take delivery. PCA is seeking a judgment against Defendant for such amounts in this action.

**PARTIES**

2. PCA is a corporation organized and existing under the laws of the State of Delaware, duly authorized to do business in the State of Illinois, with its principal place of business in Lake Forest, Illinois. For purposes of diversity jurisdiction, PCA is therefore a citizen of the States of Delaware and Illinois.

3. Defendant East Baking is a corporation organized under the laws of the State of Massachusetts with its principal place of business in Holyoke, Massachusetts. For purposes of diversity jurisdiction, East Baking is therefore a citizen of the State of Massachusetts.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

5. This Court has personal jurisdiction over Defendant.

6. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391, which makes a corporate defendant subject to suit in any District in which it is subject to personal jurisdiction, and also because, without limitation, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. In particular, the underlying purchase orders were submitted to PCA, which is headquartered in Illinois, the Defendant's obligation to remit payment was to be satisfied in Illinois, and PCA suffered injury in Illinois. Moreover, paragraph 16 of PCA's terms and conditions of sale provide that "[t]ransactions shall be governed by the laws of the State of Illinois."

## GENERAL ALLEGATIONS

7. PCA is a leading producer of paper packaging in North America. Headquartered in Lake Forest, Illinois, PCA operates eight mills and 89 corrugated products plants and related facilities primarily in the United States.

8. East Baking manufactures and sells bread and bakery products.

9. On or around June 30, 2022, Plaintiff and Defendant entered into a *PCA Supply Services Warehousing Agreement* (the "Warehousing Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

10. Pursuant to the Warehousing Agreement, PCA agreed to provide Defendant with storage space for the temporary storage of Defendant's orders. The Warehousing Agreement further provided that if Defendant failed to take possession before Packaging Products reach a ninety-day term storage limit, PCA shall have the authority to either ship and invoice or destroy and invoice the Defendant for any Packaging Products that surpass the (90) day term limit.

11. During the first few months of 2024, Defendant ordered from PCA various Packaging Products.

12. A true and correct copy of the PCA's Terms and Conditions of Sale is attached hereto as **Exhibit B**.

13. In accordance with the Warehousing Agreement, PCA stored the Packaging Products ordered by Defendant. However, Defendant failed to take timely possession of a substantial amount of Packaging Products.

14. On July 9, 2024 and again on July 16, 2024, PCA notified Defendant of PCA's intent to invoice Defendant and dispose of the Packaging Products for which Defendant had failed to take timely possession.

15. On July 24, 2025, and in accordance with the terms of the Warehousing Agreement, PCA invoiced Defendant for the value of the Packaging Products for which Defendant had failed to timely take possession. A true and correct copy of PCA's July 24, 2025 invoice to East Baking is attached hereto as **Exhibit C** (the "Unpaid Invoice").

16. Despite repeated demands for payment, Defendant has failed to pay the balance due of $116,448.97.

17. The failure of Defendant to pay for the Packaging Products, which it ordered and failed to take possession of, constitutes a breach of the parties' Warehousing Agreement, and Defendant is justly indebted to PCA in the principal amount of $116,448.97, plus interest.

18. All conditions precedent to PCA's recovery have occurred or been waived.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

19. PCA repeats and re-alleges the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20. Defendant ordered the Packaging Products from PCA at an agreed price.

21. Defendant failed to take possession of the Packaging Products identified in the Unpaid Invoice within the 90-day term limit of the Warehousing Agreement and has failed to pay the price of the Packaging Products.

22. The agreements between PCA and Defendant are valid, legally enforceable contracts.

23. As a result of Defendant's failure to pay, it has materially breached the parties' contracts, and PCA is entitled to recover from Defendant the price of the Packaging Products, $116,448.97, plus interest, plus special, consequential, indirect or incidental damages resulting from the breach.

24. At all times material to this Complaint, PCA performed its obligations under the parties' agreements.

25. Despite demand made by PCA, Defendant has materially breached the parties' agreements by failing to pay to PCA amounts owed to PCA pursuant to the Unpaid Invoice attached hereto as Exhibit C in the amount of $116,448.97.

26. Pursuant to the parties' agreements, PCA is entitled to recover from Defendant interest on the Unpaid Invoice at the per annum rate of 18% (1.5% per month) until paid, which continues to accrue.

27. In addition, as a result of Defendant's breach of contract set forth above, and pursuant to the parties' agreements, PCA is further entitled to recover from Defendant its costs and reasonable attorneys' fees.

**WHEREFORE**, as to this first cause of action for breach of contract, PCA respectfully requests that the Court enter Judgment as follows:

A. That PCA have and recover judgment and damages against Defendant in an amount to be proven at trial, but not less than $116,448.97 (the total value of the Unpaid Invoice) plus interest at the contract rate of 18% per annum from the date(s) of default by Defendant in failing to pay PCA's Unpaid Invoice, and pre- and post-judgment interest at the maximum rate permitted by law;

B. That the Court award all costs associated with this action to PCA including PCA's reasonable attorneys' fees against Defendant; and

C. That the Court grant PCA such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

## SECOND CAUSE OF ACTION
### (Quantum Meruit)

28. PCA repeats and re-alleges the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

29. This Count is pled in the alternative to Count I.

30. By storing Packaging Products for Defendant at its request, PCA conferred a benefit upon Defendant.

31. Defendant ordered and voluntarily accepted PCA's storage of the Packaging Products with knowledge or reason to know that PCA expected to be paid.

32. Since the Packaging Products were stored by PCA, Defendant has failed to pay PCA in full for the Packaging Products, and the circumstances are such that would cause a reasonable party to expect to pay for the benefit PCA conferred on Defendant.

**WHEREFORE**, as to this second cause of action, PCA respectfully requests that the Court enter Judgment as follows:

A. That PCA have and recover judgment and damages against Defendant, in an amount to be proven at trial, but not less than $116,448.97 (the total value of the Unpaid Invoice), plus pre- and post-judgment interest at the maximum rate permitted by law;

B. That the Court award all costs associated with this action to PCA including PCA's reasonable attorneys' fees against Defendant; and

C. That the Court grant PCA such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

33. PCA repeats and re-alleges the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

34. This Count is pled in the alternative to Count I.

35. By producing and storing Packaging Products for Defendant at its request, PCA conferred a benefit upon Defendant.

6

36. Defendant ordered and voluntarily accepted PCA's storage of the Packaging Products with knowledge or reason to know that PCA expected to be paid.

37. Since the Packaging Products were stored by PCA, Defendant has failed to pay PCA for the Packaging Products, and the circumstances are such that it would be inequitable for Defendant to retain the benefit conferred without paying PCA the value of that benefit. Defendant's retention of the benefit conferred violates the fundamental principles of justice, equity, and good conscience.

38. As a result of Defendant's failure to pay PCA in full for the goods stored by PCA, Defendant has become unjustly enriched in the amount of at least the $116,448.97 value of the Packaging Products.

**WHEREFORE**, as to this third cause of action, PCA respectfully requests that the Court enter Judgment as follows:

A. That PCA have and recover judgment and damages against Defendant, in an amount to be proven at trial, but not less than $116,448.97 (the total value of the Unpaid Invoice), plus pre- and post-judgment interest at the maximum rate permitted by law;

B. That the Court award all costs associated with this action to PCA including PCA's reasonable attorneys' fees against Defendant; and

C. That the Court grant PCA such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

Dated: June 9, 2025	Respectfully submitted,

                                            SHUMAKER, LOOP & KENDRICK, LLP

                                            */s/Gregory H. Wagoner*
                                            Gregory H. Wagoner (IL Bar No. 6276111)
                                            1000 Jackson Street
                                            Toledo, Ohio 43604
                                            Telephone: (419) 241-9000
                                            Fax: (419) 241-9000
                                            E-mail: gwagoner@shumaker.com

                                            David H. Conaway (NC Bar #10648)
                                            *Pending Admission Pro Hac Vice*
                                            Ronald D.P. Bruckmann (NC Bar #53693)
                                            *Pending Admission Pro Hac Vice*
                                            101 S. Tryon Street, Suite 2200
                                            Charlotte, NC 28280
                                            Telephone: 704.375.0057
                                            dconaway@shumaker.com
                                            rbruckmann@shumaker.com

                                            *Attorneys for Packaging Corporation of America*